## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**GLYNN PHILIP MONTELONGO**                     **CIVIL ACTION**

**VERSUS**                                       **NO. 26-607**

**PBF HOLDING COMPANY LLC, ET AL.**              **SECTION: N**

### ORDER AND REASONS

On July 21, 2026, this Court directed Plaintiff Glynn Philip Montelongo to properly allege the citizenship of Defendants PBF Holding Company, LLC or Chalmette Refining, LLC for purposes of establishing diversity jurisdiction.[1] Rather than doing so, Montelongo's amended complaint offers the same species of evasive, conclusory allegations this Court has already rejected.[2]

"To properly allege diversity jurisdiction under [28 U.S.C.] § 1332, the parties need to allege 'complete diversity.'"[3] That means all parties on one side of the controversy must be citizens of different states than all persons on the other side. "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'"[4] To properly allege the citizenship of an individual, the allegation must affirmatively state the citizenship of the individual. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

---

[1] R. Doc. 16.

[2] R. Doc. 17.

[3] *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

[4] *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

business."[5] To properly allege the citizenship of a corporation, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."[6] The citizenship of an LLC is determined by the citizenship of all of its members, while the citizenship of a partnership, general or limited, is determined by the citizenship of all of its partners.[7]  If one of the entity's members or partners is an LLC or a partnership, the citizenship of that entity's members or partners must continue to be traced until an individual and/or a corporation is reached.[8]

Here, Montelongo simultaneously asserts that Chalmette Refining, LLC is a "Delaware limited liability company authorized to do business in Louisiana"[9] and also a "Louisiana limited liability company with its principal business establishment in Louisiana."[10] He also alleges that PBF Holding Company, LLC is a "Delaware limited liability company authorized to do business in Louisiana"[11] and that its "citizenship includes Louisiana through one or more of its members."[12] These allegations misunderstand the citizenship analysis applicable to LLCs and fail to identify even a single member of either defendant.[13] This is despite a court order explaining to counsel that "the citizenship of a LLC is determined by the citizenship of all of its

---

[5] 28 U.S.C. § 1332(c)(1).

[6] *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).

[7] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080-81 (5th Cir. 2008); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997).

[8] *Mullins*, 564 F.3d at 397.

[9] R. Doc. 17 at p. 2 ¶ 2.

[10] *Id.* at p. 3 ¶ 8.

[11] *Id.* at p. 2 ¶ 3.

[12] *Id.* at p. 3 ¶ 8.

[13] *Harvey*, 542 F.3d at 1080.

members."[14] Counsel is admonished that further filings in this Court that disregard a court order may result in the imposition of sanctions.

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and Congress.[15] Therefore, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists."[16] "The burden of establishing federal jurisdiction rests on the party seeking the federal forum."[17] Plaintiff has failed to establish that diversity jurisdiction exists under 28 U.S.C. § 1332.

Accordingly, **IT IS ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. This dismissal reflects no finding as to the citizenship of Defendants PBF Holding Company, LLC or Chalmette Refining, LLC.

New Orleans, Louisiana, this 27th day of July, 2026.

_____
**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 16 (quoting *Harvey*, 542 F.3d at 1080).
[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[16] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).
[17] *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001).